# IN THE COURT OF APPEALS OF IOWA

No. 16-0455
Filed November 9, 2016

**VERNE DAVID MILLER JR.,**
     Petitioner-Appellant,

**vs.**

**LISA MAE MEYER,**
     Respondent-Appellee.
_____

     Appeal from the Iowa District Court for Dubuque County, Michael J.

Shubatt, Judge.


     A father appeals the court's denial of his application to modify the custody

arrangement established in a stipulated decree.  **AFFIRMED.**


     Matthew L. Noel of Mayer, Lonergan & Rolfes, Clinton, for appellant.

     Colista K. Anglese of Hammer Law Firm, P.L.C., Dubuque, for appellee.


     Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VOGEL, Presiding Judge.**

Verne Miller appeals from the order denying his application to modify the custody decree between him and Lisa Meyer involving their seven-year-old child. He claims the evidence showed the current joint physical care arrangement was not functional and, if he were granted physical care, he would provide superior care. Lisa defends the district court's modification decision and asks for an award of appellate attorney fees.

The custody of this child has a long and storied history, which is not necessarily pertinent to this appeal. What is essential is that, following the termination of a guardianship, a stipulated joint physical care decree was entered in December 2014. Verne was incarcerated in February 2015, and Lisa petitioned to modify the custody arrangement two months later. Upon his release from jail, Verne filed a cross-claim also seeking a modification of custody. Lisa eventually dismissed her application, leaving only Verne's cross-claim for trial in February 2016.

The district court denied Verne's modification request, finding the request to modify was made less than four months after the entry of the stipulated decree and approximately one-half of the time between the decree and the application to modify Verne was in jail. The court noted much of Verne's complaints predate the entry of the decree, and those matters cannot be considered when determining whether there is a material and substantial change in circumstances. *See In re Marriage of Malloy*, 687 N.W.2d 110, 113 (Iowa Ct. App. 2004) ("Courts are empowered to modify the custodial terms of a dissolution decree only when there has been a substantial change in circumstances *since the time of the*

*decree* not contemplated by the court when the decree was entered, which is more or less permanent and relates to the welfare of the child." (emphasis added)).

The main change Verne asserted justified the modification was an allegation the child made against the child's maternal grandmother's boyfriend in April 2015. Those allegations were investigated, and the department of human services (DHS) determined the report was not founded and not confirmed. The DHS worker testified at the modification hearing that she had no concerns from an abuse stand point if Lisa wanted to have the maternal grandmother and her boyfriend care for the child in the future.

Ultimately, the district court found "Verne essentially wants a 're-do' on the decree that he, along with Lisa, asked the Court to enter at the end of 2014." The court concluded Verne had not shown a material and substantial change in circumstances, nor had he proven he would have been a superior caregiver, as is required to modify custody. *See id.* (noting the parent seeking to modify the physical care arrangement "has a heavy burden and must show the ability to offer superior care").

Upon our de novo review of the record in this case, we agree with the district court's decision to deny Verne's application to modify the physical care arrangement. *See id.* (noting our standard of review is de novo).

Lisa requests an award of appellate attorney fees. Such an award rests in our discretion, and "we consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the decision of the trial court on appeal." *See In re Marriage*

*of Applegate*, 567 N.W.2d 671, 675 (Iowa Ct. App. 1997). Upon reflection on these factors, we award Lisa $1500 in appellate attorney fees.

**AFFIRMED.**